IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:98-CR-185-1-BO
No. 5:17-CV-185-BO

| | | |
|---|---|---|
| LEONARD CHRISTOPHER JOHNSON, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has moved to dismiss petitioner's motion for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Petitioner has responded to the government's motion, and the matter is ripe for ruling. For the reasons that follow, the government's motion is granted.

## BACKGROUND

Petitioner, Johnson, was sentenced to 360 months' imprisonment following his plea of guilty to charges of armed bank robbery, using and carrying a firearm during a crime of violence, and aiding and abetting. 18 U.S.C. §§ 2113; 924(c); and 2. [DE 52]. Johnson appealed and his sentence was affirmed by the court of appeals. [DE 64]. Johnson filed a motion pursuant to 28 U.S.C. § 2255, which was dismissed. [DE 92]. On June 27, 2016, the court of appeals granted authorization for Johnson to file a second or successive § 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). The pre-filing authorization entered by the court of appeals stated that it permitted consideration of the motion by the district court in the first instance, and that the one-year limitations period for filing a *Johnson* claim expires on June 26, 2016. [DE 126].

Johnson filed a 28 U.S.C. § 2255 motion based on *Johnson* on April 17, 2017. [DE 135]. Johnson contends that the holding in *Johnson* renders his § 924(c) conviction unlawful.

DISCUSSION

"To survive a motion to dismiss pursuant to Rule 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Under § 2255(b), [u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court must grant a prompt hearing to determine the issues and make findings of fact and conclusions of law with respect thereto." *United States v. Thomas*, 627 F3d 534, 539 (4th Cir. 2010) (internal quotation omitted).

The government in its motion to dismiss first argues that Johnson's motion to vacate is untimely as it was filed after the one-year deadline for filing *Johnson* motions had expired. However, in light of the Fourth Circuit's order authorizing this Court to consider petitioner's motion in the first instance, the Court deems Johnson's notice of appeal filed on June 13, 2016, to be a timely-filed § 2255 that has been authorized by the court of appeals for review in this Court. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court construes the motion to vacate at [DE 135] as an amended § 2255 motion.

However, the Court grants the government's motion to dismiss the § 2255 motion for failure to state a claim. In *Johnson*, the Supreme Court addressed the constitutionality of the residual clause of the Armed Career Criminal Act's definition of violent felony, which defines a violent felony to include one which "otherwise involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. 2557; 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court held that the residual clause is unconstitutionally vague and that to increase a defendant's

2

sentence under that clause denies the defendant due process of law. *Id.* at 2557. In *Welch v. United States*, the Supreme Court held that *Johnson* announced a substantive rule that applies retroactively on collateral review. 136 S. Ct. 1257 (2016).

Here, Johnson's § 924(c) conviction was based on his conviction for armed bank robbery. The Fourth Circuit has determined that armed bank robbery is a crime of violence under the force clause of § 924(c), *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016), and thus is not implicated by the invalidation of § 924(e)'s residual clause in *Johnson*. *See also United States v. Polhill*, 681 F. App'x 292, 293 (4th Cir. 2017) ("We recently held that a conviction under 18 U.S.C. § 2113(a) is a crime of violence under the force clause of § 924(c)(3). . . . Thus, Polhill's bank robbery conviction qualified as a predicate crime of violence for his § 924(c) conviction."). Johnson has therefore failed to state a plausible claim upon which relief could be granted, and his motion to vacate is properly dismissed.[1]

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

---

[1] Johnson appears to concede that *McNeal* forecloses relief as in his response to the motion to dismiss he states that he wishes to preserve his argument on the basis that *McNeal* was wrongly decided.

3

## CONCLUSION

For the foregoing reasons, petitioner's amended motion to vacate [DE 135] is DISMISSED and the government's motion to dismiss [DE 139] is GRANTED. A certificate of appealability is DENIED.

SO ORDERED, this **26** day of October, 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4